UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CAPITOL RECORDS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 3:06-0212 Judge Echols |
| BETTY ZAHN, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM

Pending before the Court is Plaintiffs' Application For Entry of Default Judgment By The Court (Docket Entry No. 11). By way of that Application, Plaintiffs seek statutory damages, costs and a permanent injunction in this copyright infringement action.

### I. FACTS

Plaintiffs are the copyright owners or licensees of exclusive rights to certain sound recordings. Plaintiffs allege Defendant has unlawfully downloaded twelve copyrighted works and distributed the copyrighted works to the public or made available their distribution to others. Plaintiffs seek statutory damages in the amount of $9,000, representing $750 for each downloaded recording.

The Complaint was filed on March 17, 2006, and Defendant was served with summons on March 22, 2006. (Docket Entry Nos. 1 & 4). In the summons, Defendant was informed that she had twenty days

1

within which to plead or otherwise respond.  Defendant did not respond within the time allotted.

On May 15, 2006, a duly noticed Case Management Conference was held before the Magistrate Judge but Defendant failed to appear. At the conference, Plaintiffs indicated that because Defendant had not responded to the Complaint, they would move for the entry of default.  The Magistrate Judge suggested any such motion be filed by June 16, 2006.  The proceedings at the Case Management Conference were memorialized in an Order (Docket Entry No. 6). Defendant still did not Answer or otherwise defend against the Complaint.

As promised, Plaintiffs filed a Request for Entry of Default on May 23, 2006.  Defendant did not respond to those filings or otherwise plead or answer.

Approximately three and one-half months later, on September 14, 2006, the Clerk entered a Notice of Entry of Default.  (Docket Entry No. 10).  Even the Entry of Default prompted no response by Defendant.

A little more than a month later, on October 19, 2006, Plaintiffs filed their presently pending Application For Entry of Default Judgment By The Court.  At this point, Defendant sent a letter to the Court in which she claims she had been distracted as a result of ongoing divorce proceedings, it was unfair she was being sued for $9,000 for copyright infringement, and if anyone was

liable it was her three grown children. The letter is not in the form of an Answer or other responsive pleading, nor is it verified.

## II. **LEGAL DISCUSSION**

Rule 55(a) of the Federal Rules of Civil Procedure permits the Clerk to enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" as required by the Federal Rules. The Clerk's Entry of Default in this case was proper given Defendant's utter failure to respond or otherwise defend within the time allotted under the Federal Rules. In fact, Defendant has yet to file a responsive pleading in this action.

Given Defendant's pro se status, the Court will consider her letter to the Court as a request to set aside the entry of default. Under Rule 55(c), a court may set aside an entry of default "for good cause shown." While a court has "considerable latitude" in considering whether good cause exists under Rule 55(c), the Sixth Circuit has indicated that the court "should examine whether '(1) the default was willful, (2) set-aside will prejudice plaintiff, and (3) the alleged defense was meritorious.'" Lawrence v. Chabot, 182 Fed. Appx. 442, 456 (6th Cir. 2006) quoting, United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 844 (6th Cir. 1983). Consideration of these factors counsel against setting aside the entry of default.

3

The default in this case cannot be characterized as anything other than reckless or willful. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." Geig, 1995 WL 376717 at *3 quoting, Shepard Claim Serv., Inc. v. William Darrah & Assoc., 796 F.2d 190, 194 (6th Cir. 1986). Here, despite being informed in the summons that her Answer or other responsive pleading was due within twenty days of service, Defendant did not respond. Defendant did not attend the noticed Case Management Conference. Defendant did not respond after the Magistrate Judge directed Plaintiffs to file a Motion for Default. Defendant did not respond when the Plaintiffs' filed their Motion for Entry of Default. Defendant did not respond in the months that the Motion for Entry of Default was pending before the Clerk. Clearly these failures exhibit a reckless disregard of these proceedings, if not an intentional effort to thwart the proceedings.

Vacating the Entry of Default will prejudice the Plaintiffs. They have pursued this case within the confines of the rules and prepared extensive papers to justify the entry of default and to support a default judgment. To ignore Defendant's total unconcern with this action until a $9,000 judgment was all but inevitable would be to reward Defendant at the expense of the Plaintiffs.

As for alleged defenses, Defendant claims that an award of $9,000 is too steep under the circumstances. But this is the minimum amount of damages under the statute for infringing twelve recordings and hence the size of the award is not a defense. As for Defendant's suggestion that it was her children and not she who illegally downloaded the recordings at issue, this argument really supports Plaintiffs because it is an acknowledgment that her computer was used to illegally download copyrighted material. In any event, Defendant's letter is not notarized and there is no evidence presented to the Court which would show that Defendant's children are actually the culpable parties.

The Court finds no basis for vacating or setting aside the entry of default. Accordingly, the Court turns to Plaintiffs' Application for Entry of a Default Judgment.

Because Defendant failed to answer or otherwise defend within the requirements of the Federal Rules and has failed to show good cause for that failure, the well-pleaded allegations in the Complaint are accepted as true. <u>Booneville Convalescent Ctr., Inc. v. Sherwood Healthcare Corp.</u>, 2004 WL 162512 *3 (S.D. Ind. 2004); <u>Kelley v. Carr</u>, 567 F.Supp. 831, 840 (W.D. Mich. 1984). In this case, the Complaint sets forth allegations indicating that Defendant was responsible for downloading and distributing and/or making available for distribution twelve copyrighted works of the

5

Plaintiffs. There remains the question of damages, costs, and injunctive relief.

Rule 55(b)(2) of the Federal Rules of Civil Procedure "states only that a court *may* conduct a hearing to determine the amount of damages." Olive v. Lyttle, 48 Fed. Appx. 591, 593 (7th Cir. 2001)(italics in original). "It is, of course, well settled that a court, in lieu of a hearing, may rely on detailed affidavits and documentary evidence, along with its own personal knowledge of the record." Szatkowski v. Maxwell's Bar and Grill/Rid Enter., 2006 WL 1389772 *1 (W.D.N.Y. 2006). Thus, a hearing is not necessary to establish damages where the Court is "ensured that there [i]s a basis for the damages specified in the default judgment." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)(collecting cases).

This Court is ensured that there is a basis for damages. The Copyright Act provides for either actual or statutory damages at the election of the Plaintiffs. Plaintiffs must prove the amount of actual damages or seek statutory damages in a "sum of not less than $750 or more than $30,000 as the court considers just" for each work for which a copyright has been infringed. 17 U.S.C. § 504(c)(2). Additionally, the Copyright Act authorizes the Court to increase the statutory damage award to any amount up to $150,000 for each work involved, if the infringement was committed willfully. 17 U.S.C. § 504(c)(2).

6

In this case, Plaintiffs seek statutory damages. Since Defendant has defaulted, willful infringement has been proven, see, Peer Intern. Corp. v. Max Music & Entertainment, Inc., 2004 WL 1542253 (S.D.N.Y. 2004), meaning that Plaintiffs are entitled to statutory damages. Although Plaintiffs could seek substantially more in statutory damages, they seek only the statutory minimum of $750 per infringement.

"'District courts have wide discretion in setting damages within the statutory range.'" King Records, Inc. v. Bennett, 438 F.Supp.2d 812, 852 (M.D. Tenn. 2006). This is because the statutory scheme is "designed not solely to compensate the copyright owner for losses incurred, but also to deter future infringement." Johnson v. Jones, 149 F.3d 494, 504 (6th Cir. 1998). In exercising its discretion, a Court may look to the infringer's state of mind, i.e. willfulness, and assess higher statutory damages for willful as opposed to innocent violations. King, 438 F.Supp.2d at 853.

As indicated, Plaintiffs are seeking the minimum in statutory damages and the Court finds that under the circumstances this is appropriate. The $750 for each violation totaling $9,000 is appropriate in order to compensate Plaintiffs for actual losses, and to deter future violations of the Copyright Act.

In addition to statutory damages, Plaintiffs seek an award of costs. Under the Copyright Act, the Court has discretion to award

7

"full costs." 17 U.S.C. § 505. In this case, Plaintiffs seek $351.09 and that award may be appropriate, although it is not supported by any documentation. Plaintiffs may pursue their request for costs by filing a bill of costs with the Clerk as provided for in Local Rule 54.01.

Finally, Plaintiffs seek a permanent injunction which would enjoin Defendant from directly or indirectly infringing Plaintiffs' copyrights in sound recordings. "Injunctive relief is a traditional remedy for copyright infringement." Priority Records LLC v. Rodriquez, 2007 WL 120033 at *5 (E.D. Cal. 2007). "In such cases, a district court may issue a broad permanent injunction to protect present works and to protect works not yet created." Id. In determining whether a permanent injunction is appropriate in a copyright infringement action, courts consider the traditional four factors of (1) likelihood of success on the merits; (2) harm to the Plaintiffs; (3) harm to the Defendant and others; and (4) the public interest.

With regard to the first factor, "the default against defendant satisfies the element of success on the merits." Sony Music v. Global Arts Prod., 45 F.Supp.2d 1345, 1347 (S.D. Fla. 1999); accord, Priority Records, 2007 WL 120033 at *5. As for the second factor, "copyright infringement is presumed to give rise to irreparable injury." Universal City Studios v. Reimerdes, 82 F.Supp.2d 211, 215 (S.D.N.Y. 2000). In the context of downloading

8

music, the potential for irreparable harm to the copyright owner is particularly acute since "Internet recipients of digital works are able to duplicate copyrighted works and transmit perfect copies so that the 'process potentially is exponential rather than linear' and 'threatens to produce virtually unstoppable infringement of copyright.'" Priority Records, 2007 WL 120033 at *6 (citation omitted).

As for the third factor, the Court perceives no harm to the Defendant or the public inasmuch as an injunction will merely require Defendant to comply with the Copyright Act. Relatedly, the fourth factor is met because a permanent injunction will protect the public interest in upholding copyright protections. "'Since Congress has elected to grant certain exclusive rights to the owner of a copyright in a protected work, it is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work.'" Id. at *6 quoting, Apple Computer, Inc. v. Franklin Computer Corp., 714 F.2d 1240, 1255 (3rd Cir. 1983).

Because the factors to be considered in determining the propriety of a permanent injunction all weigh in favor of its entry, Plaintiffs' request for a permanent injunction will be granted.

9

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Application For Entry of Default Judgment By The Court (Docket Entry No. 11) will be granted. Plaintiffs will be awarded $9,000.00 in statutory damages and a permanent injunction will be entered which prohibits Defendant from directly or indirectly infringing Plaintiffs' rights under the law in their copyrighted sound recordings.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

10